UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   15 CR 526 |
| | ) | Hon. Harry D. Leinenweber |
| THADDEAUS JIMENEZ, | ) | |
| Defendant. | ) | |

**MOTION FOR RELEASE FROM SOLITARY CONFINEMENT**

Defendant Thaddeus Jimenez submits the following Motion for Release from Solitary Confinement.   In support thereof, the following is stated:

1.   On August 26, 2015, Thaddeus Jimenez was indicted in the above captioned matter.   Mr. Jimenez was transferred from State court custody to federal custody and placed in confinement in the Kankakee County Jail.   On September 3, 2015, the Court granted the Government's oral motion for pretrial detention on this case.   Rule 16.1 material was tendered to the defense on September 10, 2015, and a status hearing is currently scheduled for October 20, 2015.

2.   When Mr. Jimenez was sent to confinement in Kankakee, he was accompanied by his co-defendant, Jose Roman. Upon arrival at Kankakee, the two defendants were advised that the jail staff had been instructed to keep Mr. Roman and Mr. Jimenez separated from the general jail population.   Mr. Roman and Mr. Jimenez face the same charges.   However, Mr. Roman was allowed to enter the general population of the jail, while Mr. Jimenez has been kept in solitary confinement.

3.   Mr. Jimenez has never received any notice or hearings regarding any possible

1

alleged infractions that could have resulted in the solitary confinement. To hold Mr. Jimenez in solitary confinement is clearly a violation of his rights. Solitary confinement is punitive and in the absence of any notice or hearing, it constitutes a clear violation of the defendant's due process rights. The Supreme Court has held that under certain circumstances, a pretrial detainee may not suffer punishment without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979).

4. Since Kankakee County has demonstrated by its actions that it is unable to maintain proper and constitutional conditions of confinement for Mr. Jimenez, he requests that he be transferred to the Metropolitan Correctional Center where the proper security exists for Mr. Jimenez to be held in appropriate conditions of confinement and not in solitary confinement.

WHEREFORE, for all the foregoing reasons, it is respectfully requested that the foregoing motion be granted.

Respectfully submitted,

/s/ Scott J. Frankel
His Attorney