

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 15 CR 526-1 |
| v. | |
| THADDEUS JIMENEZ | Judge Harry D. Leinenweber |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, ZACHARY T. FARDON, and defendant THADDEUS JIMENEZ, and his attorney, STEVEN A. GREENBERG, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2. The indictment in this case charges defendant with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) (Count One).

3. Defendant has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the indictment, which charges defendant with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) (Count One). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On or about August 17, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, THADDEUS JIMENEZ, previously having been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, namely, a loaded Kimber, Sapphire model, .380 caliber semiautomatic pistol, bearing serial number P0007477, which firearm had traveled in interstate commerce prior to the defendant's possession of the firearm, in violation of Title 18, United States Code, Section 922(g)(1).

Specifically, on the morning of August 17, 2015, JIMENEZ possessed a loaded Kimber, Sapphire model, .380 caliber semiautomatic pistol, bearing serial number P0007477 (the "Kimber pistol"). On that morning, JIMENEZ and Jose Roman placed bags containing .380 caliber and .22 caliber ammunition into a Mercedes owned by JIMENEZ. JIMENEZ and Roman then got into the Mercedes, with JIMENEZ driving and Roman seated in the passenger seat. JIMENEZ carried the Kimber pistol on his person and Roman placed a .22 caliber semiautomatic long rifle loaded with a large capacity magazine between the passenger seat and the center console, where it was equally accessible to both JIMENEZ and Roman. For several minutes, JIMENEZ and Roman drove around Chicago's Irving Park neighborhood, with Roman filming their travels using his cell phone. At several points in the video, JIMENEZ brandished the Kimber pistol in clear view of the cell phone camera.

Later in the video JIMENEZ pulled up alongside a vehicle driven by Individual A in the 3500 block of West Belle Plaine Avenue. Individual A got out of the car and approached JIMENEZ. JIMENEZ, without leaving the car, asked Individual A, "Why shouldn't I blast you right now?" JIMENEZ then pointed the Kimber pistol at Individual A, and, after a brief exchange, JIMENEZ shot Individual A twice, once in each leg, as Roman continued to film.

JIMENEZ sped away from the scene, and officers in a marked Chicago police car began to pursue his car a short time later. The pursuing officers activated the

emergency lights and sirens on the police car in an effort to curb JIMENEZ. Instead of pulling over, JIMENEZ drove in and out of oncoming traffic, and stopped only when his car collided with a parked car in the 3800 block of North St. Louis.

JIMENEZ got out of the crashed car with the Kimber pistol in his hand, dropped the pistol in a nearby yard, and ran away from the responding officers. JIMENEZ fled north on Elston Street, where he was apprehended and placed under arrest a short time later.

At the time of the charged offense, JIMENEZ had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. Further, JIMENZ acknowledges that the Kimber pistol he possessed was not manufactured in the State of Illinois, and had therefore previously traveled in interstate commerce.

## Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

    a. A maximum sentence of 10 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

    b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

4

## Sentencing Guidelines Calculations

8.  Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9.  For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

   a.  **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2015 Guidelines Manual.

5

b. **Offense Level Calculations**.

i. It is the government's position that, pursuant to Guideline § 2K2.1(a)(4)(B), the base offense level is 20 because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine – namely, the .22 caliber semiautomatic long rifle referenced above – and defendant was a prohibited person at the time the defendant committed the instant offense. It is the defendant's position that, pursuant to Guideline § 2K2.1(a)(6)(A), the base offense level is 14 because the defendant was a prohibited person at the time of the offense. Each party is free to present evidence and argument to the Court on this issue.

ii. Pursuant to Guideline § 2K2.1(b)(6)(B), the offense level is increased by 4 levels because defendant used or possessed the firearm in connection with another felony offense, namely aggravated battery/discharge of a firearm, in violation of 720 ILCS 5.0/12-3.05-E-1.

iii. It is the government's position that, pursuant to Guideline § 3C1.2, the offense level is increased by 2 levels because defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. Defendant reserves the right to argue that Guideline § 3C1.2 is inapplicable. Each party is free to present evidence and argument to the Court on this issue.

    iv.  If the Court determines at the time of sentencing that defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level will be appropriate. The government reserves the right to take whatever position it deems appropriate at the time of sentencing with respect to whether defendant has accepted responsibility within the meaning of Guideline § 3E1.1(a).

    v.  If the Court determines that defendant has fully accepted responsibility within the meaning of Guideline § 3E1.1(a), and that the offense level is 16 or higher prior to the application of any reduction for acceptance of responsibility pursuant to § 3E1.1(a), the government will move for an additional one-level reduction in the offense level pursuant to Guideline § 3E1.1(b) because defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

  c.  **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts

now known to the government and stipulated below, defendant's criminal history points equal eight and defendant's criminal history category is IV:

  i.  On or about December 20, 2010, defendant was convicted of resisting arrest in the Circuit Court of Cook County, Illinois, and sentenced to 30 days' imprisonment. Pursuant to Guidelines § 4A1.1(c) and § 4A1.2(c)(1)(a) defendant receives one criminal history point for this conviction.

  ii.  On or about October 22, 2012, defendant was convicted of possession of a controlled substance in case number 10CR083101 in the Circuit Court of Cook County, Illinois and sentenced to one year of imprisonment. Pursuant to Guideline § 4A1.1(b), defendant receives two criminal history points for this conviction.

  iii.  On or about October 22, 2012, defendant was convicted of possession of a controlled substance in case number 12CR1008001 in the Circuit Court of Cook County, Illinois, and sentenced to one year of imprisonment, to run consecutively to the sentence described in Paragraph 9(c)(ii) above. Pursuant to Guidelines § 4A1.1(b) and § 4A1.2(a)(2), defendant receives two criminal history points for this conviction.

  iv.  On or about April 4, 2013, in the 15th Judicial Circuit, Saline, Missouri, defendant was convicted of unlawful use of drug paraphernalia and driving with a suspended/revoked license and sentenced to a fine of $850.

Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this conviction.

    v.  On or about October 3, 2014, defendant was convicted of reckless conduct in the Circuit Court of Cook County, Illinois and sentenced to two days' imprisonment. Pursuant to Guideline § 4A1.2(c)(1), defendant receives no criminal history points for this conviction.

    vi.  On or about June 24, 2015, defendant was convicted of possession of 2.5-10 grams of cannabis in the Circuit Court of Cook County, Illinois and sentenced to one day of imprisonment. Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this conviction.

    vii.  On or about July 9, 2015, defendant was convicted of failure to appear in the Circuit Court of Cook County, Illinois, and sentenced to one day of imprisonment. Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this conviction.

    d.  **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, it is the government's position that the anticipated offense level is 23, which, when combined with the anticipated criminal history category of IV, results in an anticipated advisory sentencing guidelines range of 70 to 87 months' imprisonment, in addition to any supervised release and fine the Court may impose. It is the defendant's position that the anticipated offense level is 15, which, when combined with the anticipated

criminal history category of IV, results in an anticipated sentencing guidelines range of 30 to 37 months' imprisonment.

e. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to

withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

14. Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

### Forfeiture

15. Defendant understands that by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has in any property involved in or used in the offense.

16. Defendant agrees to forfeiture of the following specific property to the United States: a Kimber, Sapphire model, .380 caliber semiautomatic pistol, bearing serial number P0007477, and associated ammunition. In doing so, defendant admits that the property described above is property involved in the offense, as alleged in the indictment. Defendant consents to the immediate entry of a preliminary order of forfeiture as to this specific property, thereby extinguishing any right, title, or interest defendant has in it. If any of the specific property is not yet in the custody of the United States, defendant agrees to seizure of that property so that it may be disposed of according to law.

17. Defendant understands that forfeiture shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

18. Defendant agrees to waive and abandon any right, title, or interest he has in the following property: a Kimber, Sapphire model, .380 caliber semiautomatic pistol, bearing serial number P0007477, and associated ammunition. Defendant understands that the government, after publication of notice to others who may have an interest in the property, will seek an order of abandonment from the Court, thereby authorizing the United States to destroy or otherwise dispose of such property according to law. Defendant understands that abandonment of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose.

19.     Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture and/or abandonment carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

20.     This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 15 CR 526-1.

21.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

22. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

   a. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

   i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

   ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

   iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

    iv.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

    vi.  At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii.  At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    viii.  With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

b. **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

23. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Presentence Investigation Report/Post-Sentence Supervision

24. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

25. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands

that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

26. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

27. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

28. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

29. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

30. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

31. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

32. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

33. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 6/22/16

_____
ZACHARY T. FARDON
United States Attorney

_____
KATHRYN E. MALIZIA
Assistant U.S. Attorney

_____
THADDEUS JIMENEZ
Defendant

_____
STEVEN A. GREENBERG
Attorney for Defendant

19