UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 15 CR 526-1 |
| | ) | |
| THADDEUS JIMENEZ | ) | Judge Harry D. Leinenweber |
| | ) | |

## PRELIMINARY ORDER OF FORFEITURE

The United States asks this Court to issue a preliminary order of forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2.

(a)     On August 26, 2015, an indictment was returned charging defendant THADDEUS JIMENEZ in Count One, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, with illegally possessing a firearm, pursuant to the provisions of 18 U.S.C. § 922(g)(1). The indictment sought forfeiture to the United States of certain property pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

(b)     On June 22, 2016, defendant THADDEUS JIMENEZ entered a voluntary plea of guilty to Count One of the indictment, thereby making certain property named in the indictment subject to forfeiture pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

(c)     Pursuant to the terms of the plea agreement, defendant THADDEUS JIMENEZ has agreed to the entry of a preliminary order of forfeiture relinquishing any right, title or interest that he has in one Kimber, Sapphire model, .380 caliber semiautomatic pistol, bearing serial number P0007477, and associated ammunition pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) for disposition according to law.

(d)     In accordance with this provision, the United States requests that this Court enter a preliminary order of forfeiture against defendant THADDEUS JIMENEZ as to the foregoing

firearm and associated ammunition because the property was involved in Count One of the indictment.

(e)     Accordingly, this Court orders that a preliminary order of forfeiture be entered against defendant THADDEUS JIMENEZ as to the foregoing firearm and associated ammunition pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

(f)     Pursuant to 18 U.S.C. § 924(d)(1) and Fed. R. Crim. P. 32.2, the United States requests that the terms and conditions of this preliminary order of forfeiture be made part of the sentence imposed against the defendant and recited in any judgment and commitment order entered in the case. In accordance with Rule 32.2(b)(4)(A), at sentencing-or at any time before sentencing if the defendant consents-the preliminary order of forfeiture will become final as to the defendant. Pursuant to Rule 32.2(c), if a third party files a petition asserting an interest in the property to be forfeited, this Court must hold a hearing to determine his rights. Pursuant to 21 U.S.C. § 853(n)(2), incorporated by 28 U.S.C. § 2461(c), third parties have thirty days from the publication of notice or receipt of notice, whichever is earlier, to file a petition. The preliminary order of forfeiture will remain preliminary as to third parties until such an ancillary proceeding, if required, can be conducted under Rule 32.2(c). After disposition of all third party interests, this Court shall, upon the government's motion if appropriate, enter a final order of forfeiture of the property that is the subject of this preliminary order of forfeiture, thereby vesting clear title in the United States of America.

(g)     Pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), and Fed.R. Crim. P. 32.2, the foregoing property of this order shall upon entry of this preliminary order of forfeiture be seized by the Bureau of Alcohol, Tobacco, Firearms and

Explosives.

(h)    This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

HARRY D. LEINENWEBER
United States District Judge

Dated: _3/9/17_

3