IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 15 CR 526-1 |
| v. | ) | |
| | ) | Hon. Harry Leinenweber |
| THADDEUS JIMENEZ, | ) | *Judge Presiding* |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR A JUDICIAL RECOMMENDATION**

NOW COMES the Defendant, Thaddeus Jimenez, by his attorney, Steven A. Greenberg, moving this Court for a Judicial Recommendation regarding sentencing. In support he states the following:

1. On August 17, 2015, Mr. Jimenez was arrested by the Chicago Police for an Aggravated Battery with a Firearm for the shooting of Earl Casteel in Chicago, Illinois. Mr. Jimenez has been in custody since this arrest.

2. Based on that incident, the Government filed an indictment against Mr. Jimenez for possession of a firearm by a convicted felon, in violation of 18 U.S.C. Section 922(g)(1) on August 26, 2015. Mr. Jimenez was transferred to federal custody on September 3, 2015.

3. On June 22, 2016, Mr. Jimenez was sentenced to one-hundred-and-ten (110) months in the Federal Bureau of Prisons on Count One of the Indictment in this case.

4. Although sentenced, Mr. Jimenez was not taken to the Federal Bureau of Prisons. Instead, he was returned to Cook County Jail to await trial or sentencing on the state charges. He has remained in the Cook County Jail since.

5. Contemporaneously, on November 12, 2015, Mr. Jimenez was indicted by the Cook County Grand Jury for Attempt First Degree Murder and various gun possession charges regarding the same August 17, 2015 incident. *People of the State of Illinois v. Thaddeus Jimenez*, 15 CR 14809. That matter is presently on interlocutory appeal before the Illinois Appellate Court for the First District. The notice of appeal was filed on July 10, 2018.

6. Notwithstanding that there are no pending state trial court proceedings, the United States Marshall refuses to take custody of the Defendant so he may serve his BOP sentence.

7. Mr. Jimenez requests that the Marshall be ordered to assume custody of him.

8. In addition, while this Court does not have the power to order the Federal Bureau of Prisons to make a federal sentence concurrent with a state sentence, it can make a recommendation. The Bureau of Prisons may consider this Court's recommendation and can adjust an inmate's credit based on a recommendation to run the sentences concurrent. *United States v. Pineyro*, 112 F. 3d 43 (2nd Cir. 1997). The recommendation is given great weight by the BOP. *Id*. at 45. The recommendation could come in the form of adjusting the defendant's custody *nunc pro tunc* to an earlier date to account for concurrent sentencing. *United States v. Paula Sullivan*, 97 CR 593, Dckt. 20.

9. The Court granted the co-defendant's similar request. *United States v. Thaddeus Jimenez et. al.,* 15 CR 526-2, Dckt. 107.

WHEREFORE, Mr. Jimenez respectfully requests that this Court (1) order the Marshall to take custody of Mr. Jimenez, and (2) make the aforementioned sentencing recommendation to the Bureau of Prisons, specifically that Defendant's custody be adjusted *nunc pro tunc* to the date of arrest of August 17, 2015, which would then encompass the time he has spent in state custody.

                                                      Respectfully Submitted,

                                                      /s/ Steven Greenberg
                                                      Attorney for Mr. Jimenez

Steven A. Greenberg
Greenberg Trial Lawyers
53 W. Jackson Blvd., Suite 1260
Chicago, IL 60604
Steve@GreenbergCD.com
(312) 879-9500