UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THADDEUS JIMENEZ | No. 15 CR 526<br><br>Hon. Harry D. Leinenweber |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A JUDICIAL RECOMMENDATION

The UNITED STATES OF AMERICA, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby submits the following response to Defendant's Motion for a Judicial Recommendation. Dkt. 109. As discussed below, the government objects to defendant's request for transfer into Bureau of Prisons custody. The government does not object to the defendant's request that this Court make a judicial recommendation to the Bureau of Prisons that defendant's federal sentence be served concurrently with any sentence imposed in his pending state case.

### Background

On or about August 17, 2015, defendant Jimenez was arrested by the Chicago Police Department after he possessed a firearm and used that firearm to shoot Victim E.C. while Victim E.C. stood on the side of a road in Chicago. Defendant was remanded into the custody of the Cook County Jail, and was charged in the Circuit Court of Cook County with a number of charges, including attempted murder.

On August 26, 2015, while the state case was pending, defendant was charged in the instant case with one count of possession of a firearm by a felon, in violation of

18 U.S.C. § 922(g). Dkt. 1. After his indictment, this Court issued a writ, ordering defendant to be brought from Cook County Jail to appear for his initial appearance. Dkts. 11, 13. Defendant was then remanded into federal custody for the pendency of his federal case. Dkt. 20.

Defendant pleaded guilty, and on or about March 23, 2017, defendant was sentenced to 110 months' incarceration. Dkts. 76, 77, 99. Defendant was returned to state custody to face the pending state charges. According to defendant, the state case is currently the subject of an interlocutory appeal, and there has been no final resolution of his state case. Dkt. 109 at 5.

Defendant now asks to be transferred to federal custody, and asks for a recommendation by this Court that his federal sentence be served concurrently to any state sentence.

**Transfer to Bureau of Prisons**

Defendant asks for a transfer to federal custody, but cites no authority that would allow the Court to make such a transfer. The state, not the federal government, had original and primary custody of defendant. "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). In this case, the state was the first to obtain custody of the defendant, so the state is the sovereign with primary jurisdiction.

"Primary jurisdiction continues until the first sovereign relinquishes its priority in some way," such as dismissal of charges, expiration of sentence, or release

on bail. *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). At no point has the State of Illinois relinquished primary jurisdiction, as the state case is still pending against the defendant.

While defendant was in state custody, he was brought to federal court by way of a writ. "A federal writ of habeas corpus ad prosequendum enables a federal authority to take *temporary* custody of a prisoner, without acquiring jurisdiction, for indictment, prosecution, and sentencing of the prisoner." *Fisher v. Holinka*, 323 Fed.Appx. 451, 453 (7th Cir. 2009) (emphasis added); s*ee also Cole* at 896-97 ("If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign.") Defendant was brought into federal custody temporarily, and after his sentencing hearing was properly returned to the state, the primary sovereign.

When a state has primary custody over a defendant, that defendant's "federal sentence may only commence after the [federal] government exercises primary jurisdiction over him." *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018). The federal government cannot take primary jurisdiction until the state's jurisdiction is over following resolution of the state case. Therefore, there is no mechanism by which this Court can bring defendant into federal custody for purposes of serving his sentence, and the Court should deny defendant's motion for such relief.

**Recommendation for a Concurrent Sentence**

Defendant asks this Court to make a recommendation to the Bureau of Prisons that his sentence in this case be concurrent to any sentence imposed in the pending state case. Dkt. 190 at 2. The government does not object to this request; a similar recommendation was made for defendant Jimenez's co-defendant Jose Roman. Dkt. 108.

**Conclusion**

For the reasons stated above, the government respectfully requests that this Court deny defendant's motion to be transferred to the Bureau of Prisons. The government does not object to a recommendation by this Court that defendant's sentence run concurrently with any sentence imposed in his state case.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: /s/ *Michelle Petersen*
KATHRYN E. MALIZIA
MICHELLE PETERSEN
Assistant U.S. Attorneys
219 South Dearborn Street, Room 500
Chicago, Illinois 60604

Dated: June 15, 2020